FINNEY, APPELLEE, *v.* SANDY & BEAVER VALLEY FARMERS MUTUAL INS. CO., APPELLANT.

(No. 226—Decided May 3, 1957.)

*Mr. Fred G. Cain,* for appellee.
*Messrs. Riddle & Riddle,* for appellant.

GRIFFITH, J. In the Court of Common Pleas the appellee herein, John K. Finney, was plaintiff in an action against the appellant herein, Sandy & Beaver Valley Farmers Mutual Insurance Company, which was defendant in that court, and we shall hereinafter refer to them as they were there designated.

The plaintiff was, on July 2, 1955, the owner of an insurance policy issued by the defendant. This policy insured his livestock against loss or destruction by lightning to the limit of $4,000.

There was an intense electrical storm in the vicinity of Finney's property in the early morning of July 2, 1955; one bolt of lightning struck in the region of plaintiff's house and barn and was so severe that it shook the house like an earthquake. The cows in question, at the time of the storm, were in the barnyard. When the lightning struck, the plaintiff went to the barn and put the cows in their stanchions; he then got the milking machine ready and turned on the electricity, and it would not operate.

He then went to the house and turned on the breaker switch; as he was leaving the house, he heard the cows bellowing so he went back and disconnected the breaker switch; then he went to the barn and found eight cows killed enmasse in their stanchions. There is no dispute as to these facts. Plaintiff contends that the hot water heater was damaged by lightning and that it was grounded to the water lines leading to the stanchions, thereby making a perfect circuit. Plaintiff duly filed proof of loss, in accordance with the terms of his policy, and the defendant refused the claim for the reason that the loss was not caused by lightning.

Trial was had, and the jury returned a verdict for plaintiff

for $2,400, and, thereafter, the judge entered judgment on the verdict, and it is from this judgment that the defendant has appealed to this court on questions of law.

The defendant insists that it is entitled to a judgment in its favor for the reason that the proof does not disclose that the death of the cows was caused by lightning or, if not final judgment in its favor, then in the alternative, a new trial for error in the charge of the court.

We have read the record. It is not necessary to comment upon that evidence in any detail. It is lurid in the extreme.

The trial judge placed his finger on the pivotal questions in this case when, in his charge, he said:

"That leaves in the controversy that you are to determine just three things. One is, since the plaintiff claims and the defendant denies, that lightning was a factor, you are to decide whether lightning was any element in what happened on John K. Finney's farm on July 2, 1955. Next, if lightning was an element, was the lightning the proximate cause of the death of the eight cows. Third, if lightning did cause the death of the eight cows, what was the fair market value of those cows on July 2, 1955, immediately before their death?"

The defendant urges that it is defending this action based on contract rather than an action based on negligence; that it is defending this action on a contract of insurance rather than as a wrong doer. It says that it was a contract action, yet the court proceeded to instruct the jury on proximate cause and intervening acts.

Although the term, "proximate cause," is usually connected with negligence cases, it is in no wise limited to that classification; it may be a most important element in a case sounding in contract, and such is certainly the case in the matter before us. What was the proximate cause of the death of the cows? That is a jury issue in this case.

The first and important question for the jury to determine was whether the lightning was the proximate cause of the death of the cows, and, if the jury found that it was, then the fair market value of the eight cows was to be found. The court, in an exceptionally clear and understandable charge, narrowed the issues for the jury to determine. It fully and correctly defined

proximate cause and told the jury, in substance, that the evidence must disclose that lightning was an element or factor in bringing about the death of the cows before the plaintiff could recover.

This was the important factual issue in this case. There is evidence in the record to support the jury's finding. The verdict is not against the weight of the evidence.

For the reasons mentioned, the court did not err in any of the particulars assigned by defendant and specified and argued in its brief. The judgment of the Common Pleas Court is, therefore, affirmed, and the cause remanded for execution.

*Judgment affirmed.*

NICHOLS and PHILLIPS, JJ., concur.